# JUNE, 1909.

## EMIL HOENCKE v. ANNIE THOMPSON LOMAX.

Application No. 6373.  Decided June 2, 1909.

**Limitation—Payment of Taxes—Adverse Possession.**

Refusing a writ of error on the ground that defendant had shown title to the land in controversy under the ten years statute of limitation, the court dissent from the proposition that limitation under the five years statute may be maintained where taxes were paid only on some undefined part of the land claimed; they also question the sufficiency of possession taken and held under the belief that the land is vacant public domain and with the intent of acquiring a title from the State to constitute a holding adverse to an owner who already held title from the State.  (Pp. 487, 488).

Application by Emil Hoencke to the Supreme Court for writ of error to the Court of Civil Appeals of the First District in an appeal from Liberty County.

Hoencke sued Lomax and appealed from a judgment for defendant. On its affirmance he applied for writ of error, which was refused in a written opinion stating the grounds of the ruling.

*Stevens & Pickett,* for applicant.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The application is refused for the reason that the evidence shows satisfactorily that the plaintiff had acquired title by ten years limitation. We do not think, however, that a claim of title under the five years statute can be maintained where for some of the years making up that period taxes were paid on some undefined part of the land claimed under the deed.

In the opinion of the Court of Civil Appeals it is said: "It is now settled that one can acquire title to the land of another by limitation, notwithstanding the fact that at the time he takes possession he believes the land to be vacant public land and intends to acquire it from the State." Other statements of the doctrine as broad as this may be found in opinions of the Courts of Civil Appeals in which writs of error have been refused by this court. We take this occasion to say that when a case shall be presented in which it becomes necessary to determine whether or not a possession is adverse to the true owner from its commencement which is taken and held in the belief that the land belongs to the State and with the purpose to acquire it lawfully from the State, we shall not

consider that question concluded. In all the cases which we now recall in which the question has been raised in applications for writs of error it has been deemed immaterial, as it is in this case. Whatever may be the original character to be imputed to an entry of the kind referred to, the possession evidently may afterwards become adverse, as it did in this case and in most cases that have come before the courts. If we had a case in which the period of limitation would have to be counted from the date of such an entry, the question would sharply arise, and we should not regard ourselves as precluded by previous action. We say this to avoid misconstruction of the refusal of the writ.

*Writ of error refused.*